IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

MARIE PIERRE,

CASE NO.

     Plaintiff,

v.

BROWARD COUNTY SCHOOL BOARD,
a political subdivision of the State of Florida,

     Defendant.
_____/

## COMPLAINT

Plaintiff, MARIE PIERRE (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, BROWARD COUNTY PUBLIC SCHOOLS (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs and other relief for Defendant's discriminatory treatment under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.

**Exhibit B**

3. Plaintiff is a member of a class protected under the Florida Civil Rights Act (FCRA) because the terms, conditions, and privileges of her employment were altered because of her religion; Plaintiff is a Seventh Day Adventist.

4. Defendant, is a Limited Liability Company having a place of business in Broward County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Broward County because all of the actions complained of herein occurred within Broward County.

6. Defendants were "persons" and/or "employers" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, on or about. This charge was duly filed with the Florida Commission on Human Relations.

9. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. Plaintiff applied for a position as a bus attendant for the Broward County School District on or about December 2019.

12. Plaintiff was called in for an interview on or about January 2020.

13. On the day of her interview, Plaintiff was told that she was fit for the job and that training for the position would be held on Saturdays.

14. Plaintiff explained that due to her religion she would be able to attend every day except for Saturdays.

15. Plaintiff's religion is Seventh Day Adventist.

16. After the interview, Plaintiff was later advised that she would not be getting the position that she was hired for.

17. Upon information and belief, Plaintiff was denied the position because of her religion and Defendant's Failure to accommodate her request for training on days other than Saturdays.

18. Any reason given by the Defendant for the termination (if any) is pretextual.

## COUNT I
### *Religion-Based Discrimination in Violation of the FCRA*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

20. Plaintiff is a member of a protected class under the FCRA.

21. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to religion-based animosity.

3

22. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Seventh Day Adventist.

23. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination based on an employee's religion was unlawful but acted in reckless disregard of the law.

24. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

25. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

28. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the FCRA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex, national origin and/or disability was unlawful but acted in reckless disregard of the law.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Religion-Based Discrimination in Violation of Title VII*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

38. Plaintiff is a member of a protected class under § 1981.

39. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to religion-based animosity.

40. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Seventh Day Adventist.

41. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of religion was unlawful but acted in reckless disregard of the law.

42. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

43. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

46. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to

federal law, to punish the Defendants for their actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

48. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation in Violation of Title VII*

49. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

50. Plaintiff is a member of a protected class under Title VII.

51. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Dated: January 26, 2021

Respectfully submitted,

/s/ Peter M. Hoogerwoerd
Peter Michael Hoogerwoerd, Esq.
Fla. Bar No. 0188239
pmh@rgpattorneys.com
*Attorney for Plaintiff*
Courthouse Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

10